IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET MADER,

       Plaintiff,

vs.             Civil Action No.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

       Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, Mrs. MARGARET MADER, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Margaret Mader (hereinafter Plaintiff) is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Life Insurance Company of North America.  The Plan is governed by ERISA.  Plaintiff is a beneficiary

under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the timely payment of Long-Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

### JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

### PARTIES

4. The Plaintiff, Ms. Margaret Mader resides at 308 Walter Street, Pittsburgh, Allegheny County, Pennsylvania 15210.

5. The Defendant, Life Insurance Company of North America, is the Claims Administrator of Long Term Disability claims and is located at 1601 Chestnut Street, Philadelphia, Pennsylvania 19120.

6. Defendants administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff was employed by UPMC as an Administrative Assistant Intermediate through February 26, 2014.

8. The Plaintiff left work for her employer due to a left frontal lobe ischemic stroke with expressive aphasia and accompanying symptoms. Plaintiff also suffers from diagnoses of anxiety, low back pain and degenerative disk disease as well as right knee degenerative joint disease. The Plaintiff was unable to return to work as a secretary in a sedentary capacity due to an inability to communicate properly, write, type or even spell properly.

9. The Defendant initially paid the Plaintiff Long Term Disability benefits under the Plan until October 1, 2015.

10. The Defendant issued a denial of ongoing Long Term Disability benefits on October 1, 2015 .

11. The Plaintiff filed a timely and responsive appeal from the denial of her benefits which the Defendant received on October 23, 2015.

12. The Defendant affirmed their decision to deny the Plaintiff's ongoing disability claim by letter dated January 20, 2016.

13. The Plaintiff filed a final voluntary appeal by letter received by the Defendant on March 4, 2016.

14. The Defendant, by letter dated, March 25, 2016, after reviewing the Plaintiff's voluntary appeal and enclosed documents again affirmed their decision to deny ongoing Long Term Disability benefits.

15. The Plaintiff continues to receive Social Security Disability Insurance benefits from the Federal Government having been awarded as of October 20, 2014. The Defendant's records reflect that they were aware at the time of the review of the Plaintiff's claim that she had been awarded SSDI benefits.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

16. Paragraphs 1 through 15 are incorporated herein as if set forth at length.

17. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

18. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to the diagnoses and symptoms related to a left frontal lobe ischemic stroke with expressive aphasia and accompanying symptoms, low back pain and degenerative disk disease and right knee degenerative joint disease.

19. The Defendant arbitrarily concluded that the Plaintiff's co-morbid conditions of anxiety, low back pain/degenerative disc disease (both lumbar and cervical) and right knee degenerative joint disease does not limit or restrict her ability to perform work related tasks, when these conditions are well established by imaging studies and objective evidence.

20. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians. Mainly, the Defendant ignored the Treating Physician's limitations on prolonged sitting,

inability to perform repetitive tasks or tasks that require fine motor skills, and her cognitive difficulties.

21. The Defendant did not conduct a complete and proper vocational review of the Plaintiff's ability to perform her occupation or any other occupation.

22. The Defendant failed to show a significant change in medical condition to justify a denial of ongoing Long Term Disability benefits, when prior to issuing the denial in this case paid the Plaintiff benefits were based upon the same medical evidence.

23. The Defendant failed to properly review the decision of the Social Security Administration to award disability benefits. Although the decision acknowledges that the Plaintiff has been awarded Social Security Disability benefits, it does nothing more than state a general statement that this decision was taken into account. The Defendant fails to recognize that the Social Security Administration found that the plaintiff could not return to her previous sedentary duty occupation based on the same information that had been provided to them during the internal appeals process.

24. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   August 23, 2016